CLARKE, P. J., McLAUGHLIN and SMITH, JJ., concurred; SCOTT, J., dissented.

Order modified as directed in opinion, and as modified affirmed, without costs. Order to be settled on notice.

---

In the Matter of the Judicial Settlement of the Account of Proceedings of HARRY C. W. MELICK, as One of the Coadministrators of the Estate of JACOB J. BRUSH, Deceased.

ELIZA F. BRUSH, Appellant; HARRY C. W. MELICK, as Administrator, and AMERICAN SURETY COMPANY, Respondents.

First Department, May 5, 1916.

Attorney and client — services rendered in settlement of widow's claim against husband's estate — excessive allowance to attorney.

Where a widow entitled to her husband's entire estate under the statutes of distribution, was induced by a distant relative to take out letters of administration with him and to make claim to savings bank accounts representing over $20,000 standing in the name of the decedent and a woman in whose family he had lived, and she finally succeeded in settling her claim for nearly $6,000, it is error for the surrogate to allow a payment by her coadministrator of one-third of the settlement to an attorney at law who represented the administrators in the proceedings. Where the services actually rendered consumed but a short time and were not of unusual character, an allowance of $1,000 is ample compensation,

APPEAL by Eliza F. Brush from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 9th day of November, 1915, settling the accounts herein.

*James E. Kelly*, for the appellant.

*James H. Hickey*, for the respondent.

SMITH, J.:

The appellant is the widow of Jacob J. Brush, who died intestate without children and without father or mother, and as his widow she was entitled to all his property. She had been living apart from her husband for eighteen years before his death, and had not heard from him for two years. He had been living with a family by the name of Taylor. He died leaving in the neighborhood of $21,000 in savings banks deposits. These deposits were held in various forms, some of them payable to himself or Mrs. Taylor or the survivor, some payable to himself and Mrs. Taylor. One Melick was a distant relative of Brush. He went to the appellant after the death of her husband and informed her of his death, and told her if she would come to his office that he would direct her to an attorney who would take care of her interests. The next day she went to his office and Melick directed her to an attorney by the name of Hickey. Hickey drew up the necessary papers whereby Melick and the appellant were made administrators, and drew up a paper which she signed whereby she agreed to pay to Hickey one-third of whatever might be recovered from the estate. Upon her objection to signing this paper she swears she was told that that was the law. Thereafter she settled with the Taylors for $2,000 and a diamond ring valued at about $350. This settlement was not satisfactory to Melick, and he insisted upon an examination for the discovery of assets. This was opposed by this appellant. The surrogate afterwards allowed it, however, and after that examination the Taylors paid over to the administrators an additional $3,150. Two hundred dollars was given from the Patrolmen's Association, so that in all there was collected from the estate about $5,700. Upon the accounting of Melick as adminis-

trator a payment to Hickey of one-third of that amount was allowed under the agreement signed between Hickey and this appellant. The surrogate has found that that was fair compensation under the circumstances of the case.

The main controversy here is upon the question whether this allowance of one-third of the amount recovered to the attorney is a proper allowance.

We are unable to agree with the learned surrogate in his approval of this attorney's bill. Melick and Hickey may be deemed to have been acting together, each one responsible for the other's acts. Melick must have had some knowledge of the estate of his relative at the time that he sought out the widow and offered to care for her interests. An agreement with a widow who knows nothing of her husband's estate as far as appears, to protect her interests for one-third of any estate that may be collected, is not such an agreement by an ·attorney as ordinarily will receive the approval of the court. In this case the services actually rendered consumed a short time only and were not of unusual character. Giving to the attorney full credit for the fact that extra moneys were procured by his efforts as against the objection of the widow, we are of opinion that $1,000 will amply compensate him for the services rendered.

The decree should be modified in accordance with this opinion, and as modified affirmed, without costs.

CLARKE, P. J., McLAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Decree modified as directed in opinion, and as modified affirmed, without costs. Order to be settled on notice.